**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CARLEAN DATES,
Grantee/grantor/trustor/beneficiary
For the legal Estate/trust ens Legis
On behalf of Carlean Dates,

    Plaintiff,

v.

BETH A. BUCHANAN,
Individually and in her Official Capacity as
Judge in United States Bankruptcy Court
Southern District of Ohio, et al.,

    Defendants.

Case No. 1:23-cv-449

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On July 18, 2023, an individual identified for the Court's convenience as Carlean Dates,[1] filed a pro se application seeking to proceed *in forma pauperis*, along with a tendered complaint against the following Defendants: U.S. Bankruptcy Judge Beth A. Buchanan, U.S. Bankruptcy Trustee Margret Burks, attorney LeAnn E. Covey, Trustee HSBC Bank USA, N.A., the law firm of Clunk, Hoose Co., LPA, and John and Jane Does 1-100. By separate Order, the undersigned has granted Plaintiff leave to proceed *in forma pauperis.* This matter is now before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] The caption of the tendered complaint identifies the Plaintiff as: "Carlean: Dates grantee/grantor/trustor/beneficiary For the legal Estate/trust ens Legis CARLEAN DATES."

§ 1915(e)(2)(B). For the reasons below, the complaint is subject to summary dismissal.

I.  **Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

2

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**II.    Background**

Plaintiff's complaint purports to be a civil rights case based on a deprivation of rights under 42 U.S.C. § 1983, and seeks both permanent injunctive and declaratory relief. (Doc. 1-1 at 1). Along with claiming relief under the civil rights statute, Plaintiff refers

to a list of criminal statutes including: "conspiracy against rights" under 18 U.S.C. §241, for alleged violations of rights under 18 U.S.C. § 242, and for "frauds and swindles" under 18 U.S.C. § 1341. Plaintiff also cites to violations of the "Fourth Fifth, Sixth and Seventh amendments of the Bill of Rights and RICO," alleged violations of due process, conspiracy to commit real estate fraud, and obstruction of the administration of justice. (*Id*.)

Despite being neatly typed, the allegations of the complaint contain few factual allegations and are illogical to the point of being nearly indecipherable. While the precise allegations and claims are difficult to follow, <u>it is clear Plaintiff's claims closely relate to other bankruptcy and state court foreclosure proceedings</u>. The undersigned draws this inference from the identified Defendants - a Bankruptcy Judge, a Trustee appointed by that judge, a Creditor in bankruptcy, the Creditor's lawyer, and the law firm for whom the lawyer works - and from multiple references to bankruptcy court proceedings and/or a prior state court foreclosure case related to real property located at 12062 Hazelhurst Drive,[2] Cincinnati, Ohio 45204.

For example, Plaintiff alleges that she "filed a prior bankruptcy 1:18-bk-14602 which receive a discharge and defendants john and jane doe held court ex parte in case after the case was close." (Doc. 1-1 ¶29 (uncorrected)). She maintains that her Chapter 7 discharge included "all debt filed in the bankruptcy and **case A1200734** and the mortgage for the property commonly known as 12062 Hazelhurst Ln Cincinnati, Ohio …were part of bankruptcy 1:18-bk-14602." (*Id.* ¶31, emphasis added). The complaint further asserts that the Hazelhurst property was illegally transferred without lifting the

---

[2]The identity of the property (Plaintiff's former residence) is not in question, even though its street name is sometimes referred to as Hazelhurst Drive and at other times is called Hazelhurst Lane.

4

automatic stay and without due process, and that the Defendants "knowingly conspired to take private property of carlean: dates under the color of law." (*Id*. ¶33).

Plaintiff alleges that Defendant HSBC Bank "reconveyed the mortgage for property…back to carlean," and that although Judge Buchanan was given "the release, reconveyance and satisfaction of mortgage filed in the county Hamilton County… she stated that it does not mean what it says." (*Id.* ¶¶ 34-35). Plaintiff asserts that she filed a proof of claim in her latest case, Bankruptcy Case No. 1:23-bk-100007, and that "all defendants knew of proof of claim" and "no entity objected to proof of claim." (*Id*. ¶ 36). The complaint accuses Defendant Covey of "fil[ing] a[n] automatic lift of stay under the color of law without objecting to proof of claim or filing a proof of claim." (*Id*. ¶ 37). Plaintiff alleges that the bankruptcy court acted without jurisdiction. (*Id.* ¶ 40).

In a presumed reference to the 2023 bankruptcy case, the complaint further alleges:

> Having the hearing set for July 18, 2023 after receiving demand for trial by jury is fraud upon the Court and COMMITTING JUDICIAL VIOLATIONS OF THE united states constitution of America as ratified on December 15, 1791 to include the bill of rights CONTROLLING LAW AND MANDATORY PROCEDURES ARTICLE VI SECTION 1(2) SUPREMACY CLAUSE, ARTICLE VI SECTION 1(3), OATH OF OFFICE, ARTICLE III SECT. 3 (1) TREASON, AMENDMENT 14 SECT. 3 TREASON, ARTICLE 1 SECT.IO (1) CONTRACTS, ARTICLE III SECTION 2(3) JURY, All in violations of Plaintiff's Due Process, Equal protection to and under Articles 1st, 4th, 5th, 6th,7th, 8th, 9th, 11th, 13th, and the 14th Amendments or Articles, CONSTITUTIONAL "BILL OF RIGHTS" VIOLATIONS WITH LACK OF SUBJECT MATTER JURISDICTION, PURSUANT AND UNDER [c.f. 42 U.S.C. § 1983 et seq.] CONSPIRACY [c.f. 42 U.S.C. § 1985 et seq.] STATUTE: [c.f. 18 U.S.C. § 242 et seq.], STATUTE [c.f. 18 U.S.C. § 241 et seq.] EXTRINSIC FRAUD, JUDICIAL MALFEASANCE, CONSPIRACY AGAINST RIGHTS, DEPRIVATION OF DUE PROCESS, CONSPIRACY, FRAUD UPON THE COURT, JUDICIAL OBSTRUCTION OF JUSTICE [c.f.] 18 U.S.C. 2 Principles [c.f. 18 U.S.C §1503], Attempted Extortion Under Color Of Official Right [c.f. 18 U.S.C Section § 1951 (b)(2)], ACTION FOR NEGLECT TO PREVENT[c.f. 42 U.S.C. § 1986 et seq.,]

5

> INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, all going to and effecting-violating the Plaintiff's complete Due Process-Equal Protection to right to Redress, Freedom of Speech, Freedom of Association to The Right to Constitutional Counsel, Reasonable Access To the Courts, The Right To A Fair Trial by jury, the Knowing Use of Perjured Testimony, Cruel & Unusual Summary Judgment Punishment, Abuse Of Process, Interference With Contract Rights, Trespass to Land, Conversion, Unlawful Foreclosure, Kidnapping, Bribery-Blackmail, Extortion, Assault, Deprivation of Property, False Imprisonment of property,, all that simply stands on the record itself is in very certain clear view evidence, resulting in very certain DAMAGES TO COMPENSATORY, SPECIAL, PUNITIVE AND where you all deserve Federal Prison for your acts of CRIMINAL CAPITAL FELONY TREASON, res ipsa loquitur.

(*See id.*, ¶44).[3]

Along with summarizing Plaintiff's allegations and as part of the relevant background, the undersigned takes judicial notice of related litigation, including a nearly identical complaint filed on the same date by two different plaintiffs, Derryn and Dwight Jones. Most of the allegations in the complaint filed by Mr. and Ms. Jones are identical (down to typographical errors), with minor variations to reflect the different names of the plaintiffs, the different location of the property at issue, and different case numbers of prior bankruptcy and state court proceedings. *Compare*, *generally*, Case No. 1:23-cv-452-DRC-SKB, Complaint at Doc. 1-1. By Report and Recommendation, the undersigned has recommended the dismissal of that nearly identical complaint.

More critical to the Court's analysis is Plaintiff's prior litigation over the same Hazelhurst property in state court, in bankruptcy court, and in this Court over the past decade. The above-captioned case is Plaintiff's eighth case in this Court alone. Unlike the current complaint, Plaintiff's prior seven cases in this Court sought appellate review of various orders of the bankruptcy court. *See*, *generally*, Case Nos. 13-cv-291-MRB,

---

[3] Paragraph 44 exemplifies the lack of factual detail and why Plaintiff's allegations are so difficult to follow.

1:13-cv-376-MRB, 1:16-cv-1037-SJD-SKB, 1:17-cv-535-DRC-KLL, 1:17-cv-634-MRB, 1:17-cv-842, 1:19-cv-445-DRC-KLL, 1:19-cv-446-DRC-KLL. In the interest of judicial economy, the undersigned adopts summaries of the litigation history set forth in an earlier case filed in this Court as well as a similar summary recently set forth in bankruptcy court.

In an order overruling objections and adopting a Report and Recommendation ("R&R") dismissing Case No. 1:19-cv-445-DRC-KLL, Judge Cole previously summarized Plaintiff's litigation history:

> The distant ancestor of the present dispute was a relatively straightforward foreclosure action in the Hamilton County Court of Common Pleas. Dates and Obera Franklin executed a note and mortgage secured by real property located at 12062 Hazelhurst Drive, Cincinnati, Ohio 45204. HSBC ultimately became the assignee on that mortgage. When Dates and Franklin defaulted, HSBC, represented by Clunk Co., initiated foreclosure proceedings in the above-mentioned court.
>
> Dates responded by filing a bankruptcy action. (See Case No. 1:12-bk-14507). While that automatically stayed the foreclosure proceedings, see 11 U.S.C. § 362, HSBC sought, and eventually obtained, a relief from that stay. (*See* March 19, 2013 Order, Case 1:12-bk-14507, Doc. 130). Free to proceed in the state-court foreclosure action, HSBC obtained a judgement of foreclosure in that action on January 29, 2014.
>
> But Dates was not finished with her efforts to prevent foreclosure. She filed three more bankruptcy actions. The Magistrate Judge recounts them this way:
>
>> No. 16-bk-12410 (dismissed following conversion from Chapter 13 to Chapter 7 for failure to comply with a bankruptcy court order); No. 18-bk-13150 (Chapter 13, dismissed for failure to make plan payments or appear at 11 U.S.C. § 341 meeting); and No. 18-bk-14602 (discharge issued following conversion from Chapter 13 to Chapter 7).
>
> (R&R, Doc. 13, #731). Along the way in the various bankruptcy actions, Dates filed adversary proceedings against HSBC and Clunk Co. (who had prosecuted the foreclosure action on HSBC's behalf), among others, alleging that they violated the Fair Debt Collection Practices Act, as well as challenging the validity of the lien on which they had foreclosed. When Dates first raised the issue in her 2016 bankruptcy proceedings, the bankruptcy court granted the defendants (including Clunk Co.) judgment on

7

> the pleadings, finding that the res judicata effect of the state court's foreclosure judgment barred the claims Dates was seeking to assert. The appeal of that ruling is still pending in a related action. (*See id.*).
>
> Undaunted, Dates sought to raise the same issues in an adversary proceeding in her first 2018 bankruptcy action (and third overall bankruptcy case). (*See* Case No. 18-bk-13150). But that adversary proceeding was dismissed when the underlying bankruptcy action was dismissed. The instant appeal arises from an adversary proceeding Dates initiated in her fourth bankruptcy action, Case No. 1:18-bk-14602. Once again, she seeks to challenge the validity of the lien securing the Hazelhurst Drive property. And once again, the bankruptcy court found that res judicata barred her attempt. As the bankruptcy court put it: "This Court wants to emphasize to Ms. Dates that the validity of HSBC's lien against [the Hazelhurst Drive property] was determined by the State Court and is not subject to review by this Court." (See R&R, Doc. 13, #732 (quoting No. 19-ap-1011, Doc. 28 at 10)).

(*Id.*, Doc. 15 at PageID 763-764).

In Plaintiff's current (fifth) bankruptcy case, Case No. 1:23-bk-1007, the bankruptcy court summarized state court foreclosure and eviction proceedings prior to rejecting Plaintiff's latest attempt to include the Hazelhurst property in her Chapter 13 plan. In relevant part, the March 30, 2023 order reads:

> 2. At the Hearing, this Court determined that 12062 Hazelhurst Drive, Cincinnati Ohio 45240 (the "Hazelhurst Property") is not property of the Debtor's bankruptcy estate. Therefore, the Debtor's treatment of HSBC and the Hazelhurst Property in the Plan was in error. Any amended plan filed by the Debtor must remove any provisions relating to HSBC and the Hazelhurst Property.
>
> The evidentiary basis for this determination is as follows:
>
> a) HSBC filed a complaint in foreclosure against the Debtor on January 26, 2012 in the Hamilton County, Ohio Court of Common Pleas [HSBC Ex. E and F].
>
> b) HSBC obtained a judgment entry against the Debtor on January 29, 2014 [HSBC Ex. D and F].
>
> c) The Hazelhurst Property was purchased by HSBC through a Sheriff's sale on December 27, 2018 and the sale was confirmed pursuant

>    to a March 26, 2019 Amended Judgment Entry Confirming Sheriff's Sale and Ordering Distribution [HSBC Ex. C and F]. The Amended Judgment Entry also ordered the cancellation of certain mortgages and liens against the Hazelhurst Property, including the HSBC mortgage [HSBC Ex. C].
>
>    d) A Sheriff's Deed conveying title of the Hazelhurst Property to HSBC was signed on April 9, 2019 and recorded with the Hamilton County Recorder's Office on April 15, 2019 [HSBC Ex. B].
>
>    e) On April 17, 2020, HSBC released its mortgage against the Hazelhurst Property, which release was recorded with the Hamilton County Recorder's Office on April 24, 2020 [Debtor Ex. A] (the "Release of Mortgage"). The Release of Mortgage provided that "the Mortgagee [HSBC] . . . does hereby release and reconvey to the persons legally entitled thereto, all of its right, title, and interest in the real estate described in said Mortgage, forever satisfying, releasing, cancelling, and discharging the lien from said Mortgage" [*Id.*] (emphasis added).
>
>    f) At the time of the Release of Mortgage in April of 2020, HSBC held title to the Hazelhurst Property pursuant to the Sheriff's Deed [HSBC Ex. B] and therefore was "the person legally entitled" to the property and in whose favor the Release of Mortgage inured to. In re Glenn, 760 F.2d 1428, 1435 (6th Cir. 1985) (observing that a foreclosure sale results in a change of ownership of the property and that the purchaser at a foreclosure sale is frequently the mortgage holder itself).
>
>    g) The Debtor has been ordered by the Hamilton County, Ohio Court of Common Pleas to vacate the Hazelhurst Property [HSBC Ex. A].
>
>    Accordingly, the evidence demonstrates that the Debtor neither owns the Hazelhurst Property nor is she a legal tenant of the property. As such, the Hazelhurst Property is not property of the Debtor's bankruptcy estate and cannot be dealt with through the Debtor's chapter 13 plan. See 11 U.S.C. § 1322(c)(1) ("a default with respect to . . . a lien on the debtor's principal residence maybe be cured . . . until such residence is sold at a foreclosure sale").

(Doc. 41 at 2-3) (internal footnotes omitted).

The bankruptcy court set a deadline for Plaintiff/Debtor to file an amended Chapter 13 Plan consistent with the court's ruling, and warned her that if she did not do so, her

9

bankruptcy case may be dismissed.[4] An evidentiary hearing was scheduled for August 16, 2023 on HSBC's motion for relief from stay[5] and on the proposed amended plan.

### III. Analysis

Construing the complaint liberally, the undersigned infers that Plaintiff believes that Judge Buchanan violated her due process rights and perhaps other constitutional rights in relation to actions taken regarding the Hazelhurst property, which Plaintiff apparently believes should be unencumbered with ownership in her name. Plaintiff's complaint is subject to summary dismissal because it is undeniably duplicative of prior proceedings and barred by the doctrine of claim preclusion or res judicata. In addition, the complaint fails to state a claim, attempts to sue two individuals who are absolutely immune from suit, and is barred by the *Rooker-Feldman* doctrine.

#### A. Duplicative Proceedings that Warrant Pre-filing Restrictions Based on Vexatious Conduct

The above history reflects a pattern of duplicative proceedings filed by Plaintiff in an effort to avoid the state court judgment of foreclosure. As that history demonstrates, this Court previously has dismissed multiple similar proceedings filed by the same Plaintiff on the same grounds – that the claims are duplicative of prior proceedings and are barred by the doctrines of issue and claim preclusion. Rather than fully restating its prior analysis, the Court adopts and summarizes the analysis in Case No. 1:19-cv-445, which was also used in Case No. 1:19-cv-446.

---

[4] Another order reminds Debtor that her amended plan "may not seek to address any claims or other relief relating to the property located at 12062 Hazelhurst Drive, Cincinnati, Ohio 45240." (Doc. 73 at FN 1).
[5] The bankruptcy court first granted that motion on April 21, 2023, (see Doc. 48), but subsequently vacated its order and allowed HSBC to file an amended motion. (Doc. 59).

Case No. 1:19-cv-445-DRC-KLL involved an appeal arising out of Plaintiff's fourth bankruptcy case, in which she had filed a separate adversary proceeding (*see* Bankruptcy Case No. 19-ap-1011) to challenge the validity of the lien securing the Hazelhurst property. The bankruptcy court dismissed the adversary complaint based on the res judicata effect of the prior state court judgment of foreclosure, relying heavily on an earlier bankruptcy court decision that also applied res judicata to a 2016 adversary proceeding filed by Plaintiff. (*See* Bankruptcy Case No. 16-ap-1052).

Plaintiff appealed the dismissal of the 2019 adversary proceeding to this Court, which affirmed. In a well-reasoned R&R adopted as the opinion of the Court, Magistrate Judge Litkovitz agreed that claim preclusion applied and that all of Plaintiff's claims were barred by state court judgment of foreclosure. Judge Litkovitz specifically discussed the fact that "a federal court must give a state court judgment the same preclusive effect it would have in the rendering state." (Doc. 13 at PageID 736 (quoting *Martin v. Bank of New York, Mellon Corp.*, No. 1:19-cv-142, 2020 WL 1536667, at*4 (S.D. Ohio Mar. 31, 2020) (citing *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 744 (6th Cir. 2002)). (Doc. 13, R&R). *See also Brantley v. CitiMortgage*, 2016 WL 6092709, at *5 (S.D. Ohio Oct. 18, 2016) (holding that claim preclusion and issue preclusion bar re-litigation of state court judgment of foreclosure and any related issues that either were litigated or could have been litigated in state court).

In his rejection of Plaintiff's objections and adoption of the R&R, Judge Cole summed up the preclusive effect of the state court judgment and added a warning to Plaintiff that her repetitive frivolous challenges may result in sanctions:

> The validity of the underlying lien at issue here (which resulted from a mortgage) was determined by an Ohio state court. Federal law thus

11

> incorporates Ohio's law of preclusion in deciding the preclusive effect of that judgment. And here, under Ohio law, that earlier foreclosure judgment precludes Dates' later efforts to relitigate that same issue in her bankruptcy proceedings. The bankruptcy court's resolution of that issue in connection with her fourth bankruptcy action appears to this Court to be just as correct as when the bankruptcy court reached that same result, on that same issue, in her second bankruptcy action.
>
> Last, the Court notes that the May 22, 2019 Order that Dates challenges here also appropriately advised Dates that "frivolous filings and filings presented for an improper purpose including harassment and unnecessary delay … may result in sanctions." (See R&R, Doc. 13, #732 (quoting No. 19-ap-1011, Doc. 28 at 10)). <u>This Court urges Dates to heed that sound advice.</u>

(Doc. 15 at PageID 775, emphasis added).

In Case No. 1:17-cv-535-DRC-KLL, Magistrate Judge Litkovitz rejected yet another appeal from two bankruptcy court orders that denied reconsideration of the court's res judicata decision. (Doc. 7). In overruling Plaintiff's objections and adopting the R&R in that case, Judge Cole states:

> The instant case is related to Case Nos. 1:19-cv-445 and 1:19-cv-446. They are all part of a web of bankruptcy proceedings that Dates initiated in an effort to prevent foreclosure on her house. … The cast of characters and the role each played was largely the same in each of the four bankruptcy cases that Dates filed seriatim. And the end result in each also arose from the same principle - a party cannot use bankruptcy proceedings to mount a collateral attack on a state foreclosure judgment.

(*Id.*, Doc. 9 at PageID 332).

Plaintiff's decision to file the above-captioned case ignores warnings by the bankruptcy court and by Judge Cole in Case No. 1:19-cv-445 that she could face sanctions if she persists in presenting the same frivolous arguments. Plaintiff's prior attempts to relitigate the foreclosure in this court through appeals of bankruptcy orders have been repeatedly rejected. Her current attempt to repackage her claims as a civil rights case should likewise be rejected.

Given that Plaintiff has now filed seven prior bankruptcy appeals in this Court in which she has challenged the state court foreclosure, and that the above-captioned case constitutes an eighth legally frivolous attempt to re-package her arguments as a new civil rights case, the undersigned further recommends that Plaintiff be formally warned that she is likely to be sanctioned if she: (1) files any further frivolous appeals of the bankruptcy court's orders that relate to the state court foreclosure; or (2) files any new civil cases that relate to the state court foreclosure. *See Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order); *see also*, *generally, Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d at 938-940 (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons,* 835 F.2d 1145 (6th Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was using the judicial system to harass and punish anyone who had anything to do with those actions).

### B. Additional and Alternative Grounds for Summary Dismissal

#### 1. Failure to State a Claim

In addition to the reasons set forth above, the complaint is subject to summary dismissal because it fails to provide sufficient factual detail to give any of the identified

13

Defendants notice of any plausible claim under the screening standards set forth in 28 U.S.C. §1915(e)(2)(B). Paragraph 44 illustrates the nonsensical nature of Plaintiff's "claims." The vast majority of Plaintiff's complaint alludes to inapplicable criminal statutes or constitutional provisions with <u>no supporting factual allegations at all</u>.

As best the undersigned can determine, the complaint purports to set out four separate causes of action: (1) Violation of 42 U.S.C. § 1983; (2) Violation of Due Process; (3) Conspiracy to Commit Real Estate Fraud; and (4) Obstruction of the Administration of Justice. (Doc. 1-1, ¶¶ 50-57, 61-63). But no facts are included in those "claims," and the few "factual" allegations elsewhere in the complaint lack dates, personal identifiers, or other relevant details that would provide context or support for any claim. For example, the complaint alleges that Plaintiff has "filed a claim against the state court judge" (Doc. 1-1, ¶6(b), but no state court judge is named in *this* case. Plaintiff alleges that "[t]he court never got any written express consent from Carlean: Dates grantee/grantor/trustor/beneficiary for the legal name CARLEAN DATES and the living inter-vivos trust Carleen: dates which required by law in violation her civil rights" (*id.*, ¶28, grammar and punctuation original) but fails to specify a date, or what "court" to which she refers or what "consent" should have been sought by whom regarding what "legal name" issue.

The rest of the complaint speaks to the relief sought by Plaintiff. (*See*, *e.g.*, "Count Four," *id.*, ¶¶ 58-60, seeking a temporary restraining order, preliminary and permanent injunctive relief, and unspecified "other" declaratory and injunctive relief.). Plaintiff also seeks "compensatory and general damages for expenses for legal expenses, medical bills, mental anguish associated with living with the consequences of the defendant's

14

negligence, loss of income, and damaged credit score, embarrassment from having plaintiffs house listed on Zillow and other Real estate foreclosure websites before while the case is in litigation. The plaintiff request punitive damages in what the jury finds just and fair." (Doc. 1-1, ¶ 64 (uncorrected)). These examples speak for themselves.

Because the complaint – *at best* – consists of "the-defendant-unlawfully-harmed-me" accusations, it fails state any federal claim as a matter of law.

### 2. Immunity *and Rooker-Feldman*

Plaintiff has filed suit against two defendants who are absolutely immune from suit. The doctrine of absolute judicial immunity applies to actions taken by U.S. Bankruptcy Judge Buchanan in Plaintiff's bankruptcy proceedings. *See generally*, *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir.1997). Because she acts at the direction of the court, Trustee Burks also enjoys absolute immunity from suit.[6] *See, e.g.*, *Gross v. Rell,* 695 F.3d 211, 216 (2d Cir.2012) ("Bankruptcy trustees are generally immune to the extent that they are acting with the approval of the court."); *Gregory v. United States,* 942 F.2d 1498, 1500 (10th Cir.1991) (bankruptcy trustee enjoys absolute immunity when executing "facially valid judicial orders"); *In re Weisser Eyecare, Inc.,* 245 B.R. 844, 848 (Bankr. N.D.Ill.2000) ("Because trustees serve an important function as officers of the court, they enjoy ... absolute immunity if operating pursuant to a court order."); *accord Wilson v. Delk*, 2014 WL 4929252, at *3 (W.D. Tenn. Aug. 4, 2014).

---

[6]An additional and alternative basis for dismissal applies to any claims brought against Trustee Burks. The Sixth Circuit has held that before the commencement of a lawsuit in federal district court against a bankruptcy trustee, a party must obtain leave of court from the appointing forum – here, the bankruptcy court itself. *See In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993). Failing to obtain such leave provides an independent bar to suit. *Id.*; *see also Zack v. Morgan & McClarty, P.C.*, 1994 WL 329208, at *1-2 (6th Cir. 1994).

Based on references to her current bankruptcy case, it appears that Plaintiff is also seeking to challenge o*ngoing* proceedings in that court. Final, appealable orders can be appealed to the district court, as well as some interlocutory orders and decrees. *See generally* 28 U.S.C. § 158(a). But apart from that specific authority, a district court lacks authority to stay or interfere with an ongoing bankruptcy proceeding.

Last, because the underlying final state-court judgment of foreclosure remains the source of Plaintiff's injury, the *Rooker-Feldman* doctrine bars review.[7] The doctrine, established by two U.S. Supreme Court rulings issued 60 years apart, draws its support from 28 U.S.C. § 1257 and the principle that only the U.S. Supreme Court has appellate jurisdiction over the civil judgments of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). To determine the applicability of the *Rooker-Feldman* doctrine, the district court "must determine the source of the plaintiff's alleged injury." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). When a plaintiff complains not of a state court decision but of a third party's actions - but where that "third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself." *Abbott v. Michigan*, 474 F.3d 324, 329 (6th Cir. 2007), citing *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). Plaintiff's claims are all based on the underlying state court judgment of foreclosure. Therefore, the *Rooker-Feldman* doctrine bars this case. *Accord Tropf v. Fidelity Nat. Title Ins. Co*., 289 F.3d 929 (6th Cir. 2002)

---

[7]The undersigned recognizes that ordinarily, the applicability of the *Rooker-Feldman* doctrine is to be decided before considering res judicata and collateral estoppel issues. *See Hake v. Simpson*, 770 Fed. Appx. 733, 736 (6th Cir. 2019) ("We hold that the *Rooker-Feldman* doctrine prevents the district court from exercising subject matter jurisdiction over Plaintiff's substantive due process claim, and as a result, we need not address the applicability of the doctrine of res judicata."). But because this Court has previously and repeatedly rejected Plaintiff's claims as barred by res judicata, the undersigned includes that analysis.

(holding that plaintiffs' federal claims were barred under *Rooker-Feldman*, because they challenged state court rulings in which they were denied relief based on various claims that their house was taken from them by fraudulent conveyance); *Stewart,* 229 F.3d 1154, 2000 WL 1176881 (case barred by *Rooker-Feldman* because it was yet another attempt to collaterally attack the foreclosure and eviction which had been decided in the Michigan courts); *Brantley*, 2016 WL 6092709, at *4 (court lacks subject matter jurisdiction because the source of plaintiff's injury is the state court judgment of foreclosure and sale of his former property).

### III. Conclusion and Recommendations

For the reasons stated, **IT IS RECOMMENDED**:

1. Plaintiff's complaint is legally frivolous under the screening standards of 28 U.S.C. § 1915(e)(2)(B). For that reason, their complaint should be dismissed with prejudice.

2. Based on Plaintiff's multiple attempts to re-litigate her challenges to an underlying state court judgment of foreclosure, she should be ordered to refrain from filing in this Court any more bankruptcy appeals or legally frivolous cases concerning the Hazelhurst property. Should Plaintiff persist in filing any future bankruptcy appeal or other civil case concerning the same property, she is forewarned that the Court is likely to impose a sanction under Bankruptcy Rule 8020 or under 28 U.S.C. § 1915 to deter future abusive or vexatious conduct;

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CARLEAN DATES,<br>Grantee/grantor/trustor/beneficiary<br>For the legal Estate/trust ens Legis<br>On behalf of Carlean Dates,<br><br>      Plaintiff,<br><br>    v.<br><br>BETH A. BUCHANAN,<br>Individually and in her Official Capacity as<br>Judge in United States Bankruptcy Court<br>Southern District of Ohio, et al.,<br><br>      Defendants. | Case No. 1:23-cv-449<br><br>Cole, J.<br>Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party must respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).