UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLEAN DATES,

       Plaintiff,

                                      **Case No. 1:23-cv-449**

    v.

                                        **JUDGE DOUGLAS R. COLE**

BETH A. BUCHANAN, *et al.*,              **Magistrate Judge Bowman**

       Defendants.

## OPINION AND ORDER

Before the Court is Magistrate Judge Bowman's September 5, 2023, Report and Recommendation (R&R, Doc. 4), which recommends that the Court dismiss with prejudice the Complaint (Doc. 3) that Plaintiff Carlean Dates[1] filed in this action, which is the latest installment in an ongoing saga. For the reasons stated below, the Court **ADOPTS** the R&R in large part—adopting its ultimate recommendation to dismiss the action. Accordingly, the Court **OVERRULES** Dates's "Affidavit of No Contract, Non Consent and Return of Void Order" (Doc. 5) (which is how she labels her objections to the R&R) and "Affidavit Letter of Rogatory Writ of Error" (Doc. 11) (which appear to be supplemental objections), and **DISMISSES** Dates's Complaint (Doc. 3). More specifically, the Court dismisses the damages claims against Defendant Judge Beth A. Buchanan in her individual capacity **WITH PREJUDICE** and all other claims **WITHOUT PREJUDICE**. And relatedly the Court

---

[1] In the caption, Plaintiff is named "Carlean: Dates grantee/grantor/trustor/beneficiary For the legal Estate/trust ens Legis CARLEAN DATES." (Doc. 3, #43). The varying capitalization likely distinguishes Plaintiff the "entitlement holder" from Plaintiff the "estate presumably held in a trust with th[e] [same] name." *Dates v. HSBC Bank USA, N.A.*, No. 1:19-cv-445, 2020 WL 7253301, at *6 n.1 (S.D. Ohio Dec. 10, 2020). (*See* Doc. 3 ¶¶ 11, 28, #45).

**OVERRULES** what appears to be Dates's objections (Doc. 10) to the Magistrate

Judge's Order (Doc. 8) denying her Motion to Disqualify Judge (Doc. 7).

## BACKGROUND[2]

Dates's Complaint is short on detail and difficult to parse. Construing the

Complaint as liberally as humanly possible, the Court surmises that this is the most

recent iteration of Dates's attempt to (re)litigate issues arising from foreclosure

proceedings initiated in state court in 2012 on a mortgage hypothecated by the

property located at 12062 Hazelhurst Drive, Cincinnati, Ohio, 45204. (Doc. 3 ¶¶ 29–

34, #45–46). Via multiple bankruptcy cases, Dates has sought to continue to live at

the Hazelhurst location even though she no longer retains a property interest. *Dates

v. HSBC Bank USA, N.A.*, No. 1:19-cv-445, 2020 WL 7253301, at *1–*2 (S.D. Ohio

Dec. 10, 2020) (recounting the related bankruptcy litigation predating this suit).

From what the Court can tell, she again seems to have filed for bankruptcy protection

under Chapter 13 of the Bankruptcy Code in an effort to vindicate her alleged interest

in the foreclosed Hazelhurst property (her fifth go-around in the bankruptcy court on

this issue). *In re Dates*, No. 1:23-bk-10007, 2024 WL 120028, at *1–*3 (S.D. Ohio Jan.

5, 2024). Her Complaint here, though, is not an appeal of those proceedings, but

rather appears to be primarily a separately filed due process challenge to them. At a

high level of generality, Dates alleges that, during that case, Defendants (the

---

[2] While the case comes before the Court on its sua sponte screening authority under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), which is governed by the same standards that apply to motions to dismiss for failure to state a claim, *Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *3 (S.D. Ohio Dec. 21, 2023), the Court may "may take judicial notice of proceedings in other courts of record." *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969).

bankruptcy judge, the appointed trustee, the foreclosing party, its former counsel, and the former counsel's firm) violated her constitutional rights and several statutes to boot. (Doc. 3 ¶¶ 12–16, 32–40, 44–49, #45–49). Based on these alleged violations, Dates demands a smorgasbord of relief: compensatory damages "in excess [sic] Three Million Dollars," punitive damages, pre- and post-judgment interest, fees, a temporary restraining order, preliminary injunction, and declaratory relief. (*Id.* at #49–51).

When filing the Complaint, Dates also moved for leave to proceed in forma pauperis (IFP). (Doc. 1). As a result, under this Court's General Order Cin. 22-02, the matter was referred to a Magistrate Judge. On September 5, 2023, the Magistrate Judge granted Dates IFP status. (Doc. 2). That same day, invoking the Court's authority under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e), to conduct a sua sponte review of the Complaint, the Magistrate Judge issued her R&R recommending dismissal of the Complaint as legally frivolous. (Doc. 4, #54–55).

Eight days later, Dates timely filed a document styled as an "Affidavit of No Contract, Non Consent and Return of Void Order" purporting to object to the R&R. (Doc. 5). Still, Dates soon after moved to extend the time to file objections, which extension was granted. (Doc. 6; 9/19/23 Not. Order). She also moved to disqualify Magistrate Judge Bowman. (Doc. 7). Magistrate Judge Bowman denied that motion. (Doc. 8). Within the fourteen days allowed for objections to orders on non-dispositive matters issued by magistrate judges, Fed. R. Civ. P. 72(a), Dates filed a document, titled, in part, "Affidavit of Return of Void Order," purporting to object to that ruling.

3

(Doc. 10). And, lastly, on October 11, 2023, Dates filed a document (dated within the timeframe for her to object that was extended by the Court's September 19, 2023, Notation Order), which she styled as an "Affidavit Letter of Rogatory Writ of Error" and which, much like the filing named "Affidavit of No Contract, Non Consent and Return of Void Order," purports to object to the R&R. (Doc. 11).

Accordingly, the R&R, along with Dates's objections to it, and Dates's objections to the ruling on the motion to disqualify are ripe for the Court's review.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the R&R to which he objects with sufficient clarity, or else forfeit the Court's de novo review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). That said, Dates is proceeding pro se. A pro se litigant's pleadings are

4

to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules governing civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the [R&R] … to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court is reviewing the Complaint under its screening authority under 28 U.S.C. § 1915(e)(2)(B), which permits sua sponte dismissals for failure to state a claim upon which relief may be granted. Sua sponte dismissals under these provisions are governed by the same standards that apply to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under that standard, a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making that determination, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up).

Finally, Federal Rule of Civil Procedure 72(a) permits parties to object to an order issued by a magistrate judge on a non-dispositive issue, within fourteen days of the order's docketing. The Court reviews the issue under a "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This standard affords the magistrate judge wide discretion, and the Court will reverse a magistrate judge's order only if that discretion is abused. *Bonasera v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-cv-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021). "An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Id.* (citation omitted).

## LAW AND ANALYSIS

### A.  The R&R and Dates's Objections

Here, Dates has lodged what is essentially a general objection to the R&R: the incoherent filings labeled "Affidavit of No Contract, Non Consent and Return of Void Order" and "Affidavit Letter of Rogatory Writ of Error" are rife with the "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases). As just one example, Dates asserts:

> 12.The United States District Court is not a true United States court established under article III of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States.

> 13. Agent affiant did not contract with any territorial court, nor did they deposit the case under the United States District Court.

6

14. The Agent affiant deposited the case in district court of the United States.

(Doc. 5, #74; Doc. 11, #130). Although Dates cites the R&R in both her "Objection" and her "Affidavit Letter of Rogatory Writ of Error," her only objection to the R&R is to claim that it "is void on its face." (Doc. 5, #74; Doc. 11, #130–31 (describing the R&R as a "void order[] without consent and jurisdiction")). This follows from Dates's theory that as a sovereign citizen, only those entities with which she expressly "contracts" may enter judgments binding her and her property. (Doc. 5, #74–75; Doc. 11, #131–32).

The Court disagrees. For starters, this Court is properly constituted by an act of Congress and therefore has the authority to enter binding judgments in disputes properly before it. 28 U.S.C. § 115(b). Dates's contrary sovereign-citizen reasoning has been roundly rejected by courts as lacking any basis in law. *Coleman*, 871 F.3d at 476. But even more striking is that Dates herself *submitted* to the jurisdiction of this Court by seeking relief via the filing of this lawsuit with the Clerk of this Court. (Doc. 1, #1, 3, 7, 16–17 (Dates's signature on her IFP motion and Complaint that she filed in this Court)). As the "master of the complaint," *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (cleaned up), Dates cannot now be heard to complain about her choice in the forum and jurisdiction in which she wished to litigate this dispute. *Cf. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("[A]n individual may submit to the jurisdiction of the court by appearance."). Presumably she would be happy enough with the result if she had prevailed in her action. And courts are not one-way streets. By availing

herself of the Court in hopes of achieving victory, she largely waived any arguments that the Court lacks authority over her or her cause of action, other than, of course, subject matter jurisdiction, which is non-waivable.

But if her claim is that the R&R was issued without subject-matter jurisdiction, (*see* Doc. 11, #130), that argument faces some challenges. First, Dates's Complaint raises claims under federal statutes and the federal constitution, the kinds of claims that fall squarely within the plain text of the 28 U.S.C. § 1331, which grants this Court federal question jurisdiction. And if Dates contends the R&R was issued without jurisdiction because she "d[id] not consent to magistrate hearing anything in [it]," (Doc. 3, #51), this argument is not well-taken, either. As this Court explained elsewhere:

> This Court's General Order Cin. 22-02, promulgated under the Court's inherent as well as statutory authority to manage its own affairs, *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1060–61 (E.D. Mo. 2000); 28 U.S.C. § 2071, refers all civil IFP complaints to Magistrate Judges, as the Court may do under 28 U.S.C. § 636(b). And because these referrals conform with § 636(b) and Federal Rule of Civil Procedure 72, there is nothing untoward about having a Magistrate perform the initial review of [Dates's] case. As the R&R noted, that the Magistrate produced an R&R does not foreclose a district court's subsequent review of the case, [(See Doc. 4, #72)], as the undersigned has done to prepare this disposition.

*Bell v. City of Cincinnati*, No. 1:23-cv-168, 2023 WL 8069216, at *1 n.3 (S.D. Ohio Nov. 21, 2023).[3]

---

[3] Dates also objects that the PLRA and its screening provisions violate her alleged right to "free Access to court [sic]," (Doc. 11, #133-34), which she situates in a selectively quoted excerpt from *Crandall v. Nevada.* 73 U.S. (6 Wall.) 35, 44 (1867). As the Supreme Court has explained, "[t]he Court in *Crandall* established *no right to free benefits* from every State through which the traveler might pass, but more modestly held that the State could not use

All of that said, the Court does have some concerns about its authority to hear certain of the claims Dates raised. As subject-matter jurisdiction is a prerequisite to suit, the Court will start there before turning to the merits, the latter of which was the focus of the R&R's analysis.[4] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998).

The first subject-matter jurisdiction issue implicates Dates's claims against Judge Buchanan, a federal bankruptcy judge, sued in her official capacity. (Doc. 3, #45). Official-capacity claims are actually raised against the entity for whom the named defendant works. *Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *5 (S.D. Ohio Dec. 21, 2023). So here, Dates's claims against Judge Buchanan in her official capacity really are claims against the Bankruptcy Court, an instrumentality

---

its taxing power to impede travel across its borders." *Mem'l Hosp. v. Maricopa Cnty.*, 415 U.S. 250, 281 (1974) (emphasis added). In other words, *Crandall* held that citizens have the right to free access to the courts in the sense of *unimpeded* access—not an entitlement to court access without any monetary costs. *Eric v. Kansas*, No. 19-4083, 2019 WL 5787950, at *2 (D. Kan. Nov. 6, 2019). And as courts have consistently held since the PLRA's enactment, there is nothing unconstitutional about the Court's authority to screen IFP suits for frivolousness and the failure to state a claim for relief. *Bennett v. McBride*, 67 F. App'x 850, 854 (6th Cir. 2003); *accord Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). After all, "Congress's refusal to subsidize a [litigant's] exercise of his First Amendment rights does not constitute a violation of those rights." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

[4] The Magistrate Judge did suggest that the Court lacks subject-matter jurisdiction over Dates's claims because "the underlying final state-court judgment of foreclosure remains the source of Plaintiff's injury, [so] the *Rooker-Feldman* doctrine bars review." (Doc. 4, #69). The Court agrees that Dates cannot bring claims that attempt to relitigate issues resolved by and actions taken to effectuate a state court judgment—the proper relief is sought by an appeal of that judgment. *Abbott v. Michigan*, 474 F.3d 324, 328–30 (6th Cir. 2007). But the Court is less certain that the Complaint can be so construed as Dates's attempt to "appeal" the state court judgment in the foreclosure action affecting the Hazelhurst property. The allegations, to the extent that they can be understood, all appear to relate to actions Defendants allegedly took in her federal bankruptcy proceedings and to challenge the legal effect of "proof" she submitted in those proceedings. (*E.g.*, Doc. 3 ¶ 36, #46 (describing Dates's submission of a "proof of claim in [her federal] bankruptcy" proceeding)). So the Court declines to conclude that it lacks subject-matter jurisdiction over the dispute on account of *Rooker-Feldman*.

of the United States. *Surani v. U.S. Bankr. Ct.*, No. 13-931, 2013 WL 3279265, at \*1 (D.D.C. June 28, 2013). And because that entity is clothed with sovereign immunity, the Court lacks subject-matter jurisdiction over these official capacity claims, *id.*, insofar as Dates seeks money damages or retrospective relief, *Philadelphia Co. v. Stimson*, 223 U.S. 605, 620 (1912). The Court thus dismisses those claims without prejudice. *Bardes v. Bush*, No. 23-3272, 2023 WL 9318039, at \*2 (6th Cir. Dec. 4, 2023) (holding that dismissals for lack of jurisdiction should be without prejudice).

The next subject-matter jurisdiction issue relates to Dates's claims against Margaret Burks, a Private Trustee appointed in Dates's bankruptcy case.[5] (Doc. 3, #43, 45). Under the *Barton* doctrine (named for the case that established it), "leave of the [bankruptcy] forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240–41 (6th Cir. 1993) (describing *Barton v. Barbour*, 104 U.S. (14 Otto) 126 (1881), and noting that the statutory exception to *Barton* in 28 U.S.C. § 959(a) for suits over a trustee's "actions taken while 'carrying on business'" does not cover "suits against the trustee for actions taken while administering the estate"). This appears to be the exact lawsuit Dates now seeks to bring against Burks—Dates seemingly claims Burks's actions as a trustee and an officer of the Court in the bankruptcy proceedings violated Dates's due process and statutory rights. (Doc. 3 ¶ 52, #48 (alleging Burks "us[ed] an unfair court process")). As Dates

---

[5] *See Private Trustee Locator, United States Trustee Program*, U.S. Dep't of Just. (Sept. 25, 2023), https://perma.cc/N6E8-6EQK.

has not shown the bankruptcy court had granted her leave to sue Burks when this case was docketed, (Doc. 4, #68 n.6), the Court did not have subject-matter jurisdiction over the claims against Burks at the time of filing under *Barton*. *In re McKenzie*, 716 F.3d 404, 411 (6th Cir. 2013) (describing the *Barton* doctrine as jurisdictional). So the Court likewise will dismiss these claims without prejudice.[6]

With the jurisdictional objections out of the way, the Court turns to the rest of the R&R's analysis about the merits. The Court reviews this portion of the R&R for clear error because Dates's other arguments are largely incoherent and are therefore treated as a failure to object. *Miller*, 50 F.3d at 380. The Court sees no clear error in the Magistrate Judge's analysis of the Complaint's failure to state a claim and judicial immunity.[7] As the R&R notes, the Complaint is devoid of non-conclusory, well-

---

[6] The Eleventh Circuit recently held that the *Barton* doctrine applies only when the suit against the trustee "could have [a] conceivable effect on the bankruptcy estate." *Tufts v. Hay*, 977 F.3d 1204, 1208–10 (11th Cir. 2020) (holding that the *Barton* doctrine did not bar a suit against a trustee filed after the bankruptcy case was dismissed). As Dates's bankruptcy case was pending when this case was filed, the Court never obtained the authority to rule on the claims against Burks because, under *Barton*, the jurisdictional defect existed at the outset of the case. But Dates's bankruptcy case has since been dismissed. *In re Dates*, 2024 WL 120028, at *8. So while the *Barton* jurisdictional impediment barred the filing of this suit in July, one could argue that, under the Eleventh Circuit's reasoning, were Dates to refile, no such impediment would exist because a refiled "action could have no conceivable effect on the bankruptcy estate." *Tufts*, 977 F.3d at 1210. That said, simply refiling the same Complaint now would not overcome the PLRA screening hurdle—as noted below, the Court finds no clear error in the Magistrate Judge's conclusion that the Complaint otherwise fails to state a claim for relief.

[7] As explained above, the Complaint does not appear directly to relitigate the issues in the prior bankruptcy proceedings. Rather, it raises a collateral challenge specific to the most recent bankruptcy proceedings—that Defendants violated her due process rights during those proceedings. (Doc. 3 ¶¶ 36–38, 52, 63, #46, 48, 50). That means the Complaint is not duplicative of prior suits, even if it is Dates's newest "effort to avoid … foreclosure." (Doc. 4, #63). So the Court disagrees with the Magistrate Judge that either claim or issue preclusion applies. Still, the Court reiterates its prior warning that as it relates to the Hazelhurst property, further "frivolous filings and filings presented for an improper purpose including

---

pleaded factual allegations—it "lack[s] dates, personal identifiers, or other relevant details that would provide context or support for any claim." (Doc. 4, #67). As a result, the Magistrate Judge's rightly concludes that "the complaint—*at best*—consists of 'the defendant-unlawfully-harmed-me' accusations [that] fail[] [to] state any federal claim as a matter of law," (*id.* at #68). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor does the Magistrate Judge err in finding that the damages claims Dates raised against Judge Buchanan and Burks in their individual capacities would fail. (Doc. 3, #68). As the R&R explains, Dates appears to challenge actions they took as judicial officers in the context of a bankruptcy proceeding Dates initiated, which means they are entitled to absolute judicial and quasi-judicial immunity from suit, respectively. *In re McKenzie*, 716 F.3d at 412–13. Because the Court finds no clear error with the analysis of either issue, the Court adopts the Magistrate Judge's recommendation to dismiss the Complaint (Doc. 3).

Considering Dates complains about quintessential judicial actions in a judicial proceeding under the Bankruptcy Code (i.e., Judge Buchanan's judicial actions were not taken "in complete absence of all jurisdiction"), *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991), there are no circumstances that would bar Judge Buchanan from claiming absolute judicial immunity from suit. So, the Court dismisses those damages claims against Judge Buchanan in her individual capacity with prejudice. All other claims are dismissed without prejudice.

---

harassment and unnecessary delay may result in sanctions" and that "Dates [should] heed th[is] sound advice" before initiating further litigation regarding the property. *Dates v. HSBC Bank USA, N.A.*, 2020 WL 7253301, at *7; *see In re Dates*, 2024 WL 120028, at *8 (sanctioning Dates for repeatedly filing frivolous suits related to the Hazelhurst property).

**B.    The Motion to Disqualify and Dates's Objections**

Separately, Dates moved to disqualify Magistrate Judge Bowman based on conclusory allegations that (1) her impartiality is in question, (2) she harbors personal bias against a trust and family not parties to this suit, (3) she did not dispatch her responsibilities impartially, and (4) she denied all parties "the full right to be heard according to law." (Doc. 7, #103). Magistrate Judge Bowman's order denied this motion noting that the motion lacks "<u>any</u> explanation of how [she] exhibited partiality or 'bias' in a manner that would support disqualification." (Doc. 8, #106 (citing *United States v. Scherer*, 532 F. Supp. 3d 479, 484 (S.D. Ohio 2021))). Dates's objections, under Federal Rule of Civil Procedure 72(a), rehash the same tired, meritless, sovereign-citizen arguments that she did not "contract" with the Court and did not consent to have the Magistrate Judge rule on any matters in her case. (Doc. 10, #119). They fail for the same reasons above. *See supra* Part A.

And as is required under Rule 72(a), the Court has reviewed the order and sees absolutely no abuse of discretion or legal error in Magistrate Judge Bowman's decision not to recuse herself. Dates's vague allegations lob serious accusations against Magistrate Judge Bowman without any teeth or factual grounding. Simply, it appears Dates's motion boils down to her gripe with learning that her patently meritless suit is on the precipice of dismissal. But a disagreement on the law is not evidence of personal bias. *Scherer*, 532 F. Supp. 3d at 484. Furthermore, the Court notes, as is true of the Magistrate Judge's work generally, that it finds she has more than capably dispatched her responsibilities in this case consonant with the law by providing the litigants, and the claims Dates presses, a fair assessment. So the Court

will not disturb the Magistrate Judge's Order (Doc. 8), and overrules Dates's objections (Doc. 10).

*    *    *

Finally, because Dates is proceeding IFP, the Court must assess, under 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Considering the Complaint suffers from clear jurisdictional issues and otherwise fails to state a claim for relief because it contains only conclusory allegations that Defendants engaged in wrongdoing, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). So the Court certifies that any such appeal would not be in good faith.

**CONCLUSION**

Accordingly, the Court **ADOPTS** the R&R (Doc. 4) in large part, **OVERRULES** Dates's objections (Docs. 5, 11), and **DISMISSES t**he action. More specifically, the Court dismisses the damages claims against Defendant Judge Beth A. Buchanan in her individual capacity **WITH PREJUDICE** and all other claims **WITHOUT PREJUDICE**. And the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Dates leave to appeal in forma pauperis. Separately, as the Court declines to disturb the Magistrate Judge's Order (Doc. 8) denying Dates's Motion to Disqualify Judge (Doc. 7), it **OVERRULES** Dates's objections (Doc. 10) to that order.

14

Lastly, to date, Dates has filed what appear to be five frivolous bankruptcy cases in addition to this patently meritless civil complaint all related to the Hazelhurst property she no longer owns. This litigation history evinces her tendency to engage in vexatious and harassing behavior, which inappropriately diverts scarce judicial resources to disposing of her meritless filings. For this reason, Dates was sanctioned during her most recent stint in bankruptcy proceedings for "misusing the bankruptcy process" via multitudinous frivolous filings. *In re Dates*, 2024 WL 120028, at *8. Should Dates continue this track record here by filing additional frivolous bankruptcy or civil lawsuits involving the Hazelhurst property and related proceedings, the Court **WARNS** Dates that the Court will exercise its inherent authority to impose sanctions on her, up to and including a declaration that she is a vexatious litigant, the imposition of pre-filing requirements, fines, and any other sanction deemed necessary to protect against further abuse of the judicial process.

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

     **SO ORDERED.**

February 22, 2024
**DATE**

          **DOUGLAS R. COLE**
          **UNITED STATES DISTRICT JUDGE**